IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN H. STEPHENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-614-SLR |
| | ) |
| GAME SHOW NETWORK, LLC and | ) |
| WORLDWINNER.COM, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 14th day of July, 2017, having reviewed defendants' motion for a determination that the above captioned case was exceptional and, thus, defendants' attorney fees should be awarded; as well as having reviewed the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 71) is denied, for the reasons that follow:

1. **Introduction.** The patent at issue, U.S. Patent No. 6,174,237 ("the '237 patent"), discloses "[a] method for a game of skill tournament that is challenging and provides the player a reliable gauge of his skill level as compared to other players." ('237 patent, Abstract) By letter dated August 28, 2009, plaintiff accused one of defendant WorldWinner.com, Inc.'s ("WW") games of infringing the '237 patent, and gave WW two weeks to respond with its comments. (D.I. 74, ex. 1) Rather than respond substantively, WW asked for additional information regarding the claim of infringement, including a claim chart. (*Id.* ex. 2)

2. The next communication of record between the parties was almost two years later, when plaintiff filed a complaint for patent infringement against WW and defendant Game Show Network, LLC ("GSN" or, together with WW, "defendants") on September 8, 2011 in the United States District Court for the Northern District of Oklahoma. (D.I. 73, ex. 1) Specifically, the complaint identified the infringing activity as "[t]he website worldwinner.com [] titled 'GSN Cash Competitions.'" (Id. at ¶ 15) Before service of the suit, the parties engaged in negotiations wherein defendants identified alleged anticipatory prior art. (See id., ex. 2) Plaintiff filed a notice of dismissal without prejudice on February 6, 2012. (Id., ex. 4)

3. On May 17, 2012, plaintiff commenced the instant lawsuit against defendants, once again alleging infringement of the '237 patent by the "worldwinner.com website [] titled 'GSN Cash Competitions.'" (D.I. 1 at ¶ 15) Defendant GSN filed a motion to dismiss the claims of indirect infringement and a motion to transfer. (D.I. 5, D.I. 7) After briefing, the court denied the motion to transfer and granted the motion to dismiss. (D.I. 17, D.I. 18) Defendants filed their answer and counterclaim in April 2013; plaintiff filed his answer to the counterclaim in May 2013. (D.I. 19, D.I. 23) Prior to the court holding a scheduling conference, on May 20, 2013, defendants filed yet another motion, a motion to stay based on their filing of a petition for *inter partes* review ("IPR") requesting that the United States Patent and Trademark Office ("PTO") reconsider the validity and scope of the '237 patent. (D.I. 27) Briefing was completed on June 17, 2013 but, before the court issued a decision, plaintiff withdrew his opposition to the motion to stay and, therefore, the motion was terminated. (D.I. 49, D.I. 50) A joint stipulation to stay proceedings pending completion of the IPR was filed and "so

ordered" by the court in December 2013. (D.I. 62)

4. On November 21, 2016, defendants filed a motion to lift stay and for entry of judgment in favor of defendants, based on the fact that, on November 7, 2014, the Patent Trial and Appeal Board ("PTAB") at the PTO entered a final written decision finding all claims of the '237 patent unpatentable and, further, that the PTAB's judgment was affirmed on appeal and all appeals had been exhausted. (D.I. 64) Plaintiff did not oppose lifting the stay and entering judgment against him that the claims of the '237 patent had been held unpatentable. However, plaintiff opposed judgment being entered against him on "'all claims, defenses, and counterclaims in this action,' which relate[d] to issue that [had] not been litigated or decided, such as non-infringement, failure to pay maintenance fees, expiration of the patent, limitation on damages, failure to mark, etc." (D.I. 66 at 4) Defendants ultimately agreed that the judgment should be limited to invalidity "of every claim" of the '237 patent. (D.I. 67 at 2) Accordingly, the court issued an order granting the motion to lift stay (D.I. 68), and judgment was entered in favor of defendants and against plaintiff as to the invalidity of the '237 patent (D.I. 69). Defendants filed the instant motion within two weeks of the entry of judgment. (D.I. 71)

5. **Standard of review.** Section 285 provides, in its entirety, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.[1] "When deciding whether to award attorney fees under § 285, a district court engages in a two-step inquiry." *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d

---

[1] Given that judgment was entered in favor of defendants, there is no dispute that they are "prevailing" parties for purposes of § 285.

3

907, 915 (Fed. Cir. 2012). The court first determines whether the case is exceptional and, if so, whether an award of attorney fees is justified. *Id.* at 915-16 (citations omitted). The Supreme Court has defined "an 'exceptional' case [as] simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness LLC v. Icon Health & Fitness, Inc.*, _ U.S. _, 134 S. Ct. 1749, 1756 (2014).

6. District courts should consider the "totality of the circumstances" and use their discretion to determine on a case-by-case basis whether a case is "exceptional." *Id.* "[A] 'nonexclusive' list of 'factors,' [to consider] includ[es] 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at n.6. Cases which may merit an award of attorney fees include "the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees" or "a case presenting either subjective bad faith or exceptionally meritless claims." *Id.* at 1757. A party seeking attorney fees under § 285 must prove the merits of their contentions by a preponderance of the evidence. *Id.* at 1758.

7. **Analysis.** Defendants basically argue that this case should be characterized as exceptional because their initial evaluation of the '237 patent as invalid was ultimately determined to be correct by the PTAB. The court disagrees. In the first instance, it is the exceptional case where a patentee accepts the initial evaluation of a

4

defendant (as opposed to a court) as to the validity of his patent, not the reverse. In the second instance, it was defendants - not plaintiff - who filed every motion on the docket, including a motion to transfer venue (which this judicial officer generally denies and did deny), a motion for stay (another motion which this judicial officer generally denies but did not have to decide because of the parties' stipulation), and a motion for entry of judgment which was admittedly over-broad. In light of the hundreds of patent cases managed by this judicial officer over the years, defendants' contention that plaintiff "maintained an aggressive litigation stance while the IPR was pending" almost seems ludicrous. The docket reflects a modicum of routine discovery skirmishes that occur in nearly every patent case. The fact that defendants maintained from the outset that the '237 patent was invalid does not change this modest case into an exceptional one.

8. **Conclusion.** For the reasons stated, defendants' motion for attorney fees pursuant to 35 U.S.C. § 285 is denied.

_____
Senior United States District Judge